IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| JAMES A. THOMPSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:04-2406-CMC-BM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| LEXINGTON COUNTY ) | |
| SHERIFF'S DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. Plaintiff is a former employee of the Defendant Lexington County Sheriff's Department. A scheduling order was entered by the Court on December 22, 2004, providing for all discovery to be completed by no later than April 21, 2005, with any dispositive motions to be filed on or before May 6, 2005.

On February 15, 2005, the Defendant filed a motion to compel seeking an order from this Court requiring Plaintiff to provide complete answers to Defendant's first set of interrogatories and first request for production of documents. In this motion, Defendant represented to the Court that Plaintiff had been served with these discovery requests on December 29, 2004, and that a follow-up letter had been sent to the Plaintiff on February 7, 2005 (after no responses were received) enclosing additional copies of these documents, and advising Plaintiff that if answers were not forthcoming within seven (7) days of the date of that letter, a motion to compel would be filed. See



1

also <u>Exhibits A and B to Motion to Compel</u>. In its motion to compel, Defendant represents to the Court that it had not received any response from the Plaintiff to either its discovery requests or to its letter of February 7, 2005.

Plaintiff failed to file a response to the Defendant's motion to compel,[1] and an order was issued on March 7, 2005 granting Defendant's motion, and ordering Plaintiff to submit proper responses to the cited discovery requests within ten (10) days of the date of that order. In that order, the undersigned also noted Plaintiff's failure to respond to the Defendant's earlier motion to dismiss, and that he had in fact had no communication with this Court since August 12, 2004. Plaintiff was therefore specifically advised, in bold type, that his failure to comply with that order or with the rules of this Court might result in the dismissal of this case. <u>See</u> Order entered March 7, 2005.

However, notwithstanding the specific instructions and warning as set forth in the Court's order, Defendant represents to the Court that the Plaintiff failed to comply with that order, and in a motion to dismiss filed March 25, 2005 Defendant requested that this action be dismissed for failure to prosecute and failure to comply with Court orders. Because the Plaintiff is proceeding <u>pro se</u>, a <u>Roseboro</u> order was entered by the Court on April 4, 2005, advising Plaintiff of the importance of a motion to dismiss and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to adequately respond, the Defendant's motion to dismiss may be granted, thereby ending his case. However, notwithstanding the specific warnings and instructions as set forth in the Court's <u>Roseboro</u> order, Plaintiff has failed to file any response to the Defendant's motion to dismiss, nor has Plaintiff had any other communication with this Court

---

[1]The undersigned notes that Plaintiff also failed to respond to a previous motion to dismiss filed by the Defendant, although that motion was ultimately denied. <u>See</u> Order filed February 3, 2005.

2



concerning his case.

## Discussion

Rule 37(b)(2), Fed.R.Civ.P., provides that if a party fails to obey an order to provide or permit discovery, the Court in which the action is pending may make such orders in regard to such failure as are just, including dismissing the action. Further, Rule 41(b), Fed.R.Civ.P., authorizes the Court to dismiss an action for failure to prosecute or for failure to comply with court orders. "There is no doubt that Federal Courts possess the inherent authority to dismiss a case with prejudice . . . " See Link v. Wabash Railroad Co., 370 U.S. 626, reh'g. denied, 371 U.S. 873 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997).

Whether to dismiss a case as a sanction is a matter for the Court's discretion. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). The Court of Appeals for the Fourth Circuit has developed a four-prong test to determine whether dismissal as a sanction is appropriate. The Court must consider (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982). See also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Mutual Federal Savings and Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989).

A review of the file in this case shows that Plaintiff has failed to properly respond to discovery requests submitted by the Defendant, and has further failed to comply with orders of



this Court concerning these discovery requests. In fact, as noted by the Court in a previous order, Plaintiff has had no contact with this Court whatsoever concerning his case since August 12, 2004, shortly after it was filed. Hence, Plaintiff clearly meets the first and third prongs of the Fourth Circuit's four prong test.

While the Plaintiff has engaged in the conduct described herein, the continuation of this action for over a year has caused the Defendant to incur continuing costs and expenses associated with this lawsuit. Further, Plaintiff's failure to properly respond to the Defendant's discovery requests or to comply with this Court's orders has prejudiced the Defendant's ability to ascertain the facts and prepare a defense in this action. Therefore, the facts in this case clearly also satisfy the second prong of the Fourth Circuit's four part test.

As for the fourth prong of the Fourth Circuit's four part test, the record in this file shows that Plaintiff was warned in the Court's order of March 7, 2005 that a failure on his part to respond to the Defendant's discovery requests, or to comply with Court orders, could result in the dismissal of his case. Despite this warning, however, and the specific orders of this Court requiring Plaintiff to properly respond to Defendant's discovery requests, Defendant represents to the Court in its motion that Plaintiff has failed to comply. Plaintiff has also apparently failed to pursue any discovery on his own behalf, and has in fact had no communication whatsoever with the Court in almost a year.

This case history shows that the Plaintiff has failed to comply with this Court's orders or to otherwise effectively prosecute this case in any real sense. The undersigned is mindful of the fact that the Plaintiff is proceeding pro se; however, although the federal courts have historically treated pro se litigants with some degree of liberality, pro se litigants are not



immune from any sanction by virtue of their status alone. See e.g. Ballard v. Carlson, supra; Gantt v. Maryland Div. Of Correction, 894 F.Supp. 226 (D.Md. 1995), aff'd, 73 F.3d 357 (4th Cir. 1996). In Ballard, the pro se complaint was dismissed with prejudice for failure to obey a court order despite a warning from the Court that failure to comply may result in dismissal. The Fourth Circuit upheld the dismissal. Id., at 95-96. In Zaczek v. Fauquier County, et. al., 764 F.Supp. 1074 (E.D. Va. 1991) aff'd, 16 F.3d 414 (4th Cir. 1993), the District Court dismissed the pro se state prisoner's § 1983 claim for the Plaintiff's willful disregard of the Court's warnings to cease his abusive motions practice or else have his case dismissed. The Court noted that the Plaintiff was repeatedly warned that the complaint would be dismissed if he did not obey the orders of the Court. Id. at 1080; see also Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 472 (4th Cir. 1993); Hathcock v. Navistar Int'l Trans. Corp., 53 F.3d 36, 40-41 (4th Cir. 1995) [noting that "this court has emphasized the significance of warning a defendant about the possibility of default [under Rule 37] before entering such a harsh sanction"]; Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954, n.2 (4th Cir. 1987) [noting that warning to parties was a "salient fact" that distinguished cases in which default judgment was appropriate sanction for discovery abuse under Rule 37]. Here, the Plaintiff was specifically warned that his failure to provide answers to Defendant's discovery requests and to comply with the orders of this Court could result in the dismissal of his case. Plaintiff has not only ignored this warning, but has failed to even respond to the Defendant's motion to dismiss (filed in response to his failure to respond) or to the Court's Roseboro order.

       In sum, Plaintiff's actions (or lack thereof) amply demonstrate that sanctions less drastic than dismissal will have no effect. A Defendant should not be subject to incur costs,



expense, or penalty because of a Plaintiff's (whether represented by counsel or pro se) repeated failure to comply with orders of this Court, the Federal Rules of Civil Procedure, or legitimate discovery requests. Such is the case here. The history of this case amply demonstrates that, if this case is allowed to proceed, Plaintiff will continue to engage in the dilatory and unresponsive tactics which he has repeatedly demonstrated, and that the Defendant will continue to incur unnecessary and burdensome costs and fees.

## **Conclusion**

Based on the foregoing, the undersigned has no choice but to recommend that the Defendant's motion to dismiss be **granted**, and that this case be **dismissed**, with prejudice, pursuant to Rules 37 and 41, Fed.R.Civ.P. Plaintiff's past conduct demonstrates that he would not comply with a lesser sanction if imposed.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 3, 2005

6

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

  The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. **28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).** The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

  During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

7
